UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MENDO LOVE,

        Petitioner,                  Case No. 2:15-cv-14168

v.                                         Paul D. Borman
                                             United States District Judge

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Mendo Love, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for first-degree premeditated murder and possession of a firearm during the commission of a felony. He was represented by an attorney when he filed his petition, but is now proceeding without the assistance of counsel. The Court dismissed the petition on September 7, 2017 and declined to issue a certificate of appealability ("COA"). (ECF No. 7.) Now before the Court is Petitioner's *pro se* motion for COA, in which he seeks reconsideration of the Court's prior decision. For the reasons that follow, Petitioner's motion is **DENIED**.

**I.**     **Background**

Petitioner's convictions arise from a December 3, 2010 shooting on Winthrop Street in Detroit, Michigan, which resulted in the death of Raymond Singleton, II. In September of 2012, a jury found Petitioner guilty of first-degree murder and possession of a firearm during the commission of a felony. Thereafter, he was sentenced to life without parole for the murder conviction, plus two years consecutive for the felony-firearm conviction.

In his petition for writ of habeas corpus, Petitioner asserted that his trial counsel was ineffective in two ways: 1) by failing to request a jury instruction related to tracking-dog evidence; and 2) by acquiescing to the trial court informing the jury that trial transcripts were not available. This Court denied the petition and declined to issue a COA, concluding that the Michigan Court of Appeals' dispensation of both of these issues was reasonable. In the instant motion, Petitioner asks the Court to reconsider whether a COA should issue on three bases: 1) the state court's decision was unreasonable; 2) he has a newly discovered *Brady* claim; and 3) his appeal is not frivolous.

## II.     Standard

U.S. Dist. Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof.

2

*Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004)(citing L.R. 7.1(g)(3)). A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Id.*

### III. Discussion

#### A. Michigan Court of Appeals' Decision

Petitioner asserts that the Michigan Court of Appeals did not correctly apply the standard under *Strickland v. Washington*, 466 U.S. 668 (1984). As such, he advances the same ineffective assistance of counsel argument that he made in his initial petition for writ of habeas corpus, which was considered and addressed by this Court when it denied habeas relief and declined to grant a COA. Petitioner's request for reconsideration will therefore be denied, because he is merely presenting an issue which was already ruled upon by this Court, expressly, when the Court denied his application for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999). Petitioner raises no new arguments and does not identify a palpable defect by which the court and parties have been misled. His motion for reconsideration will not be granted on this basis.

#### B. Newly Discovered Evidence

Petitioner next contends that this Court should issue a COA because he is seeking a remand to the state court on the basis of newly discovered evidence. The Court addressed this issue on October 18, 2017, when it denied Petitioner's motion to hold the case in abeyance pending exhaustion of state court remedies. (ECF No. 10.) Specifically, the Court informed Petitioner that, "[a]fter exhausting his state court remedies, Love may seek leave to file a successive habeas corpus petition in the Sixth Circuit Court of Appeals regarding his newly discovered evidence, pursuant to 28 U.S.C. § 2244(b)." Id. at 1-2. Petitioner's request for reconsideration is therefore denied on this basis, because he is presenting an issue expressly ruled upon by this Court.

### C. Non-Frivolous Appeal

In his final argument, Petitioner asserts that he is entitled to a COA because his appeal is non-frivolous. However, Petitioner misstates the standard for granting a COA and conflates it with the standard for allowing an individual to proceed *in forma pauperis* ("IFP") on appeal. As the Court stated in its December 15, 2017 opinion and order granting IFP status:

> The Court has already denied a certificate of appealability in this matter, finding that reasonable jurists would not debate the conclusion that the petition failed to state a claim upon which habeas corpus relief should be granted. However, the threshold for granting leave to proceed IFP on appeal is lower, and merely requires a showing that the appeal is not frivolous. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). It does not require a showing of

4

probable success on the merits.  *Id.* at 765.  Here, reasonable jurists would not debate this Court's resolution of Petitioner's claims, but the issues are not frivolous and an appeal could be taken in good faith. Petitioner may proceed IFP on appeal.

(ECF No. 12 at 3-4.)  As such, this Court has already concluded that Petitioner's claims are not frivolous.  This conclusion, however, does not have any impact on whether a COA should issue.  Again, Petitioner raises no new arguments and identifies no palpable defect by which the Court and parties have been misled.  His motion for COA is therefore denied.

## IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that Petitioner's motion for COA is **DENIED**.  (ECF No. 13.)

**SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 29, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2018.

s/D. Tofil
Deborah Tofil, Case Manager

5